## Case No. 15,450.

UNITED STATES v. ISMENARD et al.

[1 Cranch, C. C. 150.] [1]

Circuit Court, District of Columbia. Dec. Term, 1803.

NUISANCES—GAMING HOUSES—JOINT INDICTMENT.

1. A public gaming-house is a public nuisance at common law.

[Followed in U. S. v. Mickle, Case No. 15,763. Cited in U. S. v. Holly, Id. 15,381; U. S. v. Milburn, Id. 15,767.]

[Cited in People v. Sponsler, 1 Dak. 289, 46 N. W. 460.]

2. Upon a joint indictment the judgment must be several.

[Cited in U. S. v. Holly, Case No. 15,381.]

Indictment [against John F. Ismenard, John Ismenard, and Robert Smith] for keeping a public gaming-house. 1st count, common nuisance; 2d, under the act of assembly of Maryland, 1797, c. 110, prohibiting faro-tables, and other gambling devices, to be kept by tavern-keepers and retailers of wine and spirits.

Mr. Mason, for the District, cited 1 Hawk. P. C. 360, 362, that a public gaming-house is a common nuisance.

E. B. Caldwell and P. B. Key, contended that playing at cards or dice is not malum in se; nor in itself an offence at common law. 11 Coke, 87b. And that a public gaming-house is no offence at common law unless it become disorderly, so as to disturb the neighbors. 4 Bl. Comm. 167, 171.

But THE COURT (nem. con.) instructed the jury that a public gaming-house is a common nuisance. The verdict having been rendered against the defendants upon the first count only, and the indictment being joint, it became a question whether the judgment should be joint or several; and the following authorities were cited: Jones v. Com., 1 Call, 555; Godfrey's Case, 11 Coke, 42; 2 Hawk. P. C. bk. 2, p. 633. c. 48, §§ 10, 17, 18; Esp. N. P. 420; 2 Hawk. P. C. p. 342, c. 25, § 89.

THE COURT imposed the fines severally: namely, on J. F. Ismenard, $133⅓. on John Ismenard, $50, on Robert Smith, $25; and required each of them to give security in five hundred dollars for his good behavior for one year.